**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY RAY BAKER, | No. 22-55198 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02301-PA-GJS |
| v. | |
| F. VILLALOBOS, Sergeant; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 28, 2023[**]

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Timothy Ray Baker, a state prisoner proceeding pro se, sued Defendants for

excessive force and deliberate indifference under 42 U.S.C. § 1983. Baker appeals

from the district court's order granting summary judgment to Defendants based on

Baker's failure to exhaust his administrative remedies under the Prison Litigation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Reform Act (PLRA), 42 U.S.C. § 1997e. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's grant of summary judgment, viewing the evidence in Baker's favor. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). To establish failure to exhaust under the PLRA, Defendants must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If Defendants satisfy that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Even assuming without deciding that Baker's administrative grievance properly raised his excessive force and deliberate indifference claims, he failed to exhaust the available administrative remedies, as his administrative appeal was properly rejected for failure to submit all the necessary supporting documents. *See* Cal. Code Regs. tit. 15, § 3084.6(b)(7); *see also id.* §§ 3084(h), 3084.3(a).[1] Contrary to Baker's assertion, the record shows that he never submitted the missing documents. Thus, the burden shifts to Baker to show that the administrative remedies were effectively unavailable to him. *See Albino*, 747 F.3d

---

[1] All citations to the California Code of Regulations are to the versions in effect from 2015 to 2016, when Baker filed and appealed his grievance.

at 1172.

We reject Baker's argument that the administrative remedies were effectively unavailable because they were confusing or incapable of use. While some of the prison's correspondence to Baker was unclear, the prison's letter dated August 17, 2016, stated that Baker's resubmitted administrative appeal had been rejected because it was missing pages of a necessary document, that he had not exhausted the administrative process due to the rejection, and that his administrative appeal would remain rejected "barring any extenuating circumstances." This letter clearly informed Baker of the deficiencies in his appeal and explained that Baker could still challenge the rejection. But Baker chose not to challenge the rejection even though he understood he could do so.

In sum, we affirm because there is no genuine dispute that Baker failed to exhaust the available administrative remedies as to his excessive force and deliberate indifference claims, and such remedies were not effectively unavailable to him.

**AFFIRMED.**[2]

---

[2] Baker's pending motions are denied. Dkt. Nos. 13 and 32.